STATE OF WEST VIRGINIA

*v.*

WILLIAM W. BAKER, III

(No. 14385)

Decided June 24, 1980

*Robert L. Schumacher* for plaintiff in error.

*Chauncey H. Browning*, Attorney General, *Frances W. McCoy*, Assistant Attorney General, for defendant in error.

PER CURIAM:

This appeal was docketed on January 11, 1979 and came on for final argument on June 10, 1980. It is an appeal by William W. Baker, III from his conviction of armed robbery in the Circuit Court of Mercer County and subsequent sentence of ten years in the penitentiary. Five errors by the trial court are alleged, but we address only one and reverse the case on that point.

During the trial just prior to the defense resting its case, the following colloquy took place in the judge's chambers:

> "BY THE COURT: Mr. Baker, as you know, I'm sure that your attorney has told you, that you have a right to testify in your own behalf .... If you do take the stand you have put your character into evidence, and under the laws of

the State of West Virginia you can be cross examined for impeachment purposes. It has nothing to do with your guilt or your innocence, but for impeachment purposes you can be cross examined about certain prior convictions, and while that law is a little bit up in the air right now, this Court is probably going to hold that anything that you have had a prior conviction on which involves moral terpitude [sic], such as larceny or breaking and entering or burglary or robbery or murder or rape, things of that nature, can be asked you. You can be asked about those things if you were convicted of them, to go to your veracity as a witness, to truthfulness as a witness .... Is there any question about that?

"A No, sir.

"MR. SHUMACHER: That was my next thing, to make a motion that the Prosecutor not be allowed to bring out his past convictions.

"BY THE COURT: I don't know what it is, but if there is anything of the nature I just referred to I am going to let him ask about one ....

"MR. SHUMACHER: You have already said you will do it, but I go ahead and ask now that if the Prosecutor does bring this up that you will instruct the jury that it is toward veracity, not anything toward his guilt.

"BY THE COURT: Yes, I will do that.

"MR. SHUMACHER: That's all."

On July 5, 1977, *State v. McAboy*, 160 W.Va. 497, 236 S.E.2d 431, was decided. Syllabus Point 1 states:

"In a trial of a criminal case, a defendant who elects to testify may have his credibility impeached by showing prior convictions of perjury or false swearing, but it is impermissible to impeach his credibility through any other prior convictions."

The Court in *McAboy* made this rule applicable to all cases that were in the trial stage or in the appellate

process on the date it was decided and which had specifically preserved this point. [236 S.E.2d at 437]. The case before us was in the appellate process, defense counsel having filed a Motion of Intent to Appeal, and the point was specifically preserved. The State confesses that the trial court's advice to the defendant was in error and we agree.

Accordingly, the judgment below is reversed and the case remanded for a new trial.

*Reversed and remanded.*